UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANNETTE M. LALL, et al., | § | |
|     Plaintiffs, | § | |
| v. | § | No. 3:16-CV-3366-L (BF) |
| THE BANK OF NEW YORK, et al., | § | |
|     Defendants. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the district court has referred this case to the United States Magistrate Judge for pretrial management. *See* Standing Order of Reference, ECF No. 39. Before the Court are the following motions:

1. Defendant EMC Mortgage L.L.C.'s Motion to Dismiss [ECF No. 18];
2. Defendant Hughes, Watters, & Askanase L.L.P.'s Motion to Dismiss [ECF No. 22];
3. Defendants Select Portfolio Servicing Inc. and Bank of New York Mellon's Motion to Dismiss [ECF No. 29];
4. Plaintiffs' Motion for Injunction [ECF No. 35];
5. Plaintiffs' Motion to Amend Complaint [ECF No. 38];
6. Plaintiffs' Motion for Leave to File Amended Complaint [ECF No. 51];
7. Plaintiffs' Motion to Amend Motion for Leave to File Amended Complaint [ECF No. 54].

*See* Docket. The Court respectfully recommends the following to the district court.

### Background

Annette M. Lall and Christiann I. Lall ("Plaintiffs") bring this wrongful foreclosure suit against Defendants[1] for foreclosure proceedings initiated on their home located at 1441 Anna Cade Road, Rockwall, Texas 75087 (the "Property"). Am. Compl. 6, ECF No. 9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. *See* Pls.' Resp. 2-4, ECF No. 50; *infra* note 6.

---

[1] The Defendants in this case are: The Bank of New York Mellon, formerly known as the Bank of New York, as successor trustee to JPMorgan Chase Bank, N.A., as Trustee for Certificate Holders of Bear Stearns Asset Backed Securities Trust 2006-2, Asset Backed Certificates, Series 2006-2 ("BNYM"); EMC Mortgage Corporation ("EMC"); Select Portfolio Servicing, Inc. ("SPS"); Hughes, Watters, & Askanase, L.L.P. ("HWA"). Am. Compl 6-7 ¶¶ 3-6, ECF No. 9.

Christiann Lall joins this suit as an alleged resident and heir to the Property. Pls.' Resp. 5, ECF No. 25. Plaintiff Annette Lall previously brought a suit related to the Property in 2013 which the district court dismissed with prejudice. *See Lall v. The Bank of New York Mellon*, No. 3:13-CV-3840-L (BF), 2015 WL 5697480, at *9 (N.D.Tex. Sept. 9, 2015), *R. & R. adopted sub nom. Lall v. Bank of N.Y. Mellon*, No. 3:13-CV-3840-L, 2015 WL 5723682 (N.D.Tex. Sept. 28, 2015) (Lindsay, J.). In that suit, Annette Lall brought what appears to the Court as the same accusations as in this case. *See id.* at *1; *see generally* Am. Compl. 8-15, ECF No. 9. However, in the current action Plaintiffs have alleged a new party, HWA. Am. Compl. 7 ¶ 6, ECF No. 9. Plaintiffs sporadically bring the following causes of actions against Defendants: wrongful foreclosure (based on alleged violations of Texas Civil Practice and Remedies Code § 16.035),[2] negligent misrepresentation,[3] common law and statutory fraud,[4] and quiet title.[5] Plaintiffs request the Court award them quiet title to the Property and rescind the loan. *Id.* at 31 ¶ 67.[6]

---

[2] Am. Compl. 23-26 ¶¶ 42-49, ECF No. 9.
[3] *Id.* at 26-27 ¶¶ 50-51.
[4] *Id.* at 27 ¶ 52.
[5] *Id.* at 28 ¶ 54, 30-31 ¶¶ 59-65.
[6] In Plaintiffs' response to this Court's March 14, 2017, order [ECF No. 47] they allege the following causes of action, some for the first time, including:
> [W]rongful foreclosure due to lack of standing, fraudulent inducement, tortious interference, unjust enrichment, Texas Civil Practice and Remedies Code § 41.003, contract conceived in fraud, common law fraud, negligent misrepresentation, fraudulent concealment, fraudulent lien, slander, quiet title, declaratory relief, Statute of Limitations time-barred, Fair Debt Collections Practices Act §§ 802, 807-808, 813, 15 U.S.C. §§ 1692a, 1692e, 1692j, 1692k, Violations of Texas Finance Code §§ 392.301, 392.304(a)(8) and 392.304(a)(19) and Violations of Section 50(a)(6)(H), Article XVI of the Texas Constitution.

Pls.' Resp. 2, ECF No. 50. Plaintiffs did not assert any claims under federal law in their amended complaint. *See* Am. Compl. 7-8 ¶ 8, 16-27 ¶¶ 35-52, ECF No. 9. Plaintiffs appear to assert these claims under federal law to invoke this Court's jurisdiction over HWA. Pls.' Resp. 4, ECF No. 50. However, Plaintiffs cannot attempt to invoke jurisdiction by asserting an entirely new and distinct jurisdictional basis through their response or amending their complaint. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 880 n.5 (5th Cir. 2000) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985)). The Court is without jurisdiction over HWA because there is not complete diversity under 28 U.S.C. § 1332. *See* Pls.' Mot. Req. Suppl. Pleadings 1, ECF No. 54; 28 U.S.C § 1332(a)(1). Regardless of these assertions, and based on the discussion that follows, all of Plaintiffs' claims fail on *res judicata* grounds.

On December 29, 2016, Defendant EMC filed its Motion to Dismiss [ECF No. 18] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and Rule 8. Def.'s Mot. to Dismiss ("EMC Mot.") 2, ECF No. 19; FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 8. Defendant HWA filed its Motion to Dismiss [ECF No. 22] on January 6, 2017, pursuant to Rule 12(b)(1). Def.'s Mot. to Dismiss ("HWA Mot.") 1, ECF No. 22; FED. R. CIV. P. 12(b)(1). On January 20, 2017, Defendants BNYM and SPS filed their joint partial Motion to Dismiss [ECF No. 29] pursuant to Rule 12(b)(6) and 9(b). Defs.' Mot. 1, ECF No. 29; FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 9(b).[7] Before considering Plaintiffs' other currently pending motions, the Court considers the merits of Plaintiffs' amended complaint, specifically if *res judicata* bars their claims.[8] Having considered the parties' briefs and the applicable law, the Court finds these matters are ripe for determination.[9]

## Legal Standard

### Rule 12(b)(6)

Under Rule 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In analyzing a motion to dismiss, the Court should accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.

---

[7] Defendants BNYM and SPS request that the Court determine Plaintiffs' wrongful foreclosure and quiet title claims at the summary judgment stage. Defs.' Mot. 2, ECF No. 29.
[8] Defs.' Reply 6-8, ECF No. 41.
[9] On March 15, 2017, Plaintiffs filed what the Court construes as a surreply to BNYM and SPS's Reply [ECF No. 41]. *See* Pls.' Obj., ECF No. 48. The Local Civil Rules provide that a motion, response, and reply may be filed with the Court without seeking leave to file these items. *See* LOC. CIV. R. 7.1. However, "[s]urreplies, and any other filing that serves the purpose or has the effect of a surreply, are highly disfavored," and only permitted in exceptional or extraordinary circumstances. *Lacher v. West*, 147 F. Supp. 2d 538, 539 (N.D.Tex. 2001). The Court observes that Plaintiffs filed this motion without request of leave. *See* LOC. CIV. R. 7.1, 7.3, 15.1. Further, the motion does not contain a certificate of conference as required by Local Rule 7.1(b). Accordingly, the Court does not consider the merits of Plaintiffs' surreply.

2004) (internal quotations omitted). However, the factual allegations must support plausible cause of action and sufficiently to raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 556 U.S. at 679.

### Rule 12(b)(1)

Under Fed. R. Civ. P. 12(b)(1), a court must dismiss a case for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)). A court must accept all factual allegations in the plaintiff's complaint as true. *HeereMac Vof*, 241 F.3d at 424 (citing *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)). The burden of establishing subject-matter jurisdiction is on the party seeking to invoke it. *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002). Accordingly, Plaintiffs must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980) (citations omitted).

## Analysis

### *Statute of Limitations*

Plaintiffs' allegations involve the same assignments by the same Defendants as in their first suit. *See Lall*, 2015 WL 5697480, at *4; Am. Compl. 8 ¶¶ 8-11, ECF No. 9; *see also* EMC App. in Supp. 1-2, ECF No. 20. However, the gravamen of Plaintiffs' current complaint relates to alleged violations of Texas Civil Practice and Remedies Code § 16.035(b). Am. Compl. 14 ¶ 28-30, ECF No. 9. Section 16.035(a) provides that "[a] person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.035(a). Section 16.035(b) states "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." *Id.* at § 16.035(b). Plaintiffs assert that § 16.035 bars any foreclosure efforts by Defendants. Am. Compl. 14 ¶¶ 28, 30; 15-16 ¶¶ 31-35, ECF No. 9. Plaintiffs allege the statute of limitations ended on April 18, 2013, thus barring any foreclosure by Defendants on December 6, 2016. *Id.* at 23 ¶ 42. Plaintiffs also allege *any* acceleration notices sent by Defendants are barred under this same theory. *Id.* at 24-26 ¶¶ 43-49. Additionally, Plaintiffs contend that HWA sent Plaintiffs false information through the notices of acceleration. *Id.* at 27 ¶ 51. Plaintiffs further assert that Ms. Lall did not have knowledge of the HWA's accelerations or have involvement with Len Lall's legal matters. *Id.* at 9 ¶¶ 12, 14. Plaintiffs also contend that they never received the "Notice of Nonsuit" from EMC. *Id.* at 18 ¶ 38.

Plaintiffs' new claims under § 16.035(b) fail notwithstanding the application of *res judicata*. "Section 16.035 of the Texas Civil Practice & Remedies Code establishes a four-year limitations period for real property actions. Whereas section 16.035(a) addresses judicial

foreclosures, section 16.035(b) addresses nonjudicial foreclosures . . . ." *Clawson v. GMAC Mortg., L.L.C.*, No. 3:12-CV-00212, 2013 WL 1948128, at *2 (S.D.Tex. May 9, 2013). "If the noteholder has the option to accelerate, then the date of accrual is the date that the holder exercises the option." *Cline v. Deutsche Bank Nat'l Trust Co.*, No. 3:14-CV-1565-D, 2015 WL 4041791, at *5 (N.D.Tex. July 2, 2015) (citing *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App. 2012)). However, "the action accrues only when the holder *actually exercises* its option to accelerate." *Clawson*, 2013 WL 1948128, at *2 (citing cases) (emphasis added). "[I]f a noteholder abandons acceleration, it no longer must foreclose within four years from the date of acceleration." *Cline*, 2015 WL 4041791, at *5. According to Plaintiffs, HWA sent multiple acceleration notices to them during 2016. *See* Am. Compl. 24-25 ¶¶ 45-49, ECF No. 9. Attached to Plaintiffs' complaint are copies of HWA's acceleration notices sent throughout 2016. *See* Am. Compl. Ex. 16-20, ECF No. 9-1. HWA sent Plaintiffs a final notice of acceleration on October 25, 2016, for the forthcoming trustee's sale on December 6, 2016. *Id.* at Ex. 20 ("As a consequence, our Client hereby accelerates the maturity of the Loan, and declares the entire balance of the Loan due and payable in full[.]"). Therefore, Plaintiffs' argument that the statute of limitations ended on April 18, 2013, is incorrect. HWA gave proper notice of the foreclosure sale. HWA "actually exercised" the acceleration on October 25, 2016. *Clawson*, 2013 WL 1948128, at *2. The foreclosure sale date of December 6, 2016, was within the four year statute of limitations. *Clawson*, 2013 WL 1948128, at *4; *see also Nasheed v. Ocwen Loan Serv., L.L.C.*, No. 3:16-CV-1575-L, 2016 WL 4039165, at *3 (N.D.Tex. July 28, 2016) (Lindsay, J.) (holding Defendants did not waive their acceleration rights through sending prior notices of acceleration).[10] The Court finds that HWA's October 25, 2016, notice of acceleration letter was

---

[10] *See also Ihms v. Deutsche Bank Nat'l Trust Co.*, No. 3:15-CV-1078-K (BF), 2016 WL 4536578, at *3 (N.D.Tex. Aug. 9, 2016), *R. & R. adopted*, No. 3:15-CV-1078-K, 2016 WL 4525038 (N.D.Tex. Aug. 30,

sufficient to put Plaintiffs on notice that SPS was abandoning its previous notices.[11] Plaintiffs fail to state a plausible claim under § 16.035(b) and this claim should not survive dismissal.

### *Res Judicata*

"Under the law of this circuit, claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) (internal quotation marks and citation omitted). "*Res judicata* applies where (1) the parties to both actions are identical (or at least in privity); (2) the judgment in the first action is rendered by a court of competent jurisdiction; (3) the first action concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.* (internal quotation marks and citation omitted). *Res judicata* "precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action." *Palmer v. Fed. Home Loan Mortg. Corp.*, No. 4:13-CV-430-A, 2013 WL 2367794, at *2 (N.D.Tex. May 30, 2013) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 561 (5th Cir. 1983)).[12]

---

2016) ("[I]f a noteholder abandons acceleration, it no longer must foreclose within four years from the date of acceleration. Texas courts and courts in this circuit have held that 'the parties can abandon acceleration and restore the contract to its original terms by the parties' agreement or actions.'") (quoting *Cline*, 2015 WL 4041791, at *5); *Mendoza v. Wells Fargo Bank, N.A.*, No. H-14-SS4, 2015 WL 338909, at *5 (S.D.Tex. Jan. 23, 2015) ("Where, as here, a security instrument gives a note holder the option to accelerate upon the borrower's default, and the note holder exercises that option, the note holder has a right to withdraw or revoke its option to accelerate payment.") (internal quotations and citation omitted).

[11] The Court also notes that Plaintiffs' arguments contending a lack of notice of EMC's nonsuit does not change the disposition of this case. *See* Am. Compl. 18 ¶ 38, 29 ¶ 58, ECF No. 9. "Acceleration can be abandoned by agreement or by unilateral action of the parties . . . including a creditor's voluntary dismissal of its claims against a debtor. *Costello v. U.S. Bank Trust, N.A.*, No. H-16-702, 2016 WL 5871459, at *4 (S.D.Tex. Oct. 7, 2016) (internal citations omitted).

[12] *See Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 664-65 (5th Cir. 1994) ("We have adopted a transactional test for determining whether two complaints involve the same cause of action. Under this approach, the critical issue is not the relief requested or the theory asserted but whether the plaintiff bases the two actions on the same nucleus of operative facts. If the factual scenario of the two actions parallel, the same cause of action is involved in both. The substantive theories advanced, forms of

A court "may *sua sponte* dismiss an action on *res judicata* grounds when the elements of the defense are apparent on the face of the pleadings." *Kelton v. Deutsche Bank Nat'l Trust Co.*, No. 4:14-CV-991-A, 2014 WL 7175242, at *1 (N.D.Tex. Dec. 16, 2014) (citing *Kansa Reinsurance Co., Ltd. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)). "In making such a ruling, the court may take judicial notice of the record in a prior related proceeding." *Id.* (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)).[13] "If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper." *Hall v. Hodgkins*, 305 F. App'x 224, 227-28 (5th Cir. 2008) (citing *Kansa Reinsurance Co.*, 20 F.3d at 1366).

Plaintiffs' claims in the present lawsuit are based on the same common nucleus of operative facts as in the prior lawsuit.[14] *Matter of Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not the relief requested or the theory asserted but whether plaintiff bases the two actions on the same nucleus of operative facts."). On September 28, 2015, in Plaintiffs' first suit, the district court entered final judgment in favor of Defendants BNYM, EMC, and SPS. *See* Final J., ECF No. 100. This Court specifically recommended to dismiss Plaintiffs' claims for: negligent misrepresentation, common law and statutory fraud, quiet title, violations of the Texas Debt Collection Practices Act, violations of the Texas Deceptive Trade Practices Act, breach of contract, tortious interference with contract, violations of the Truth in Lending Act,

---

relief requested, types of rights asserted, and variations in evidence needed do not inform this inquiry.") (internal quotation marks and citations omitted).

[13] This Court takes judicial notice of the entire record in Plaintiffs' prior suit. *Lall v. The Bank of New York Mellon*, No. 3:13-CV-3840-L (BF), 2015 WL 5697480, at *1-10 (N.D.Tex. Sept. 9, 2015). The Court also takes judicial notice of the assignments attached to EMC's Motion to Dismiss. EMC Mot. 3, ECF No. 19. In ruling on a motion to dismiss, the court may consider documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, and matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) ("[T]he district court took appropriate judicial notice of publicly-available documents and transcripts . . . which were matters of public record directly relevant to the issue at hand.").

[14] *Compare* Am. Compl. 8-9 ¶¶ 8-14, 13-14 ¶¶ 20-29, *with Lall*, 2015 WL 5697480, at *1.

8

declaratory relief, injunctive relief, and damages. *Lall*, 2015 WL 5697480, at *5-7. This Court found Defendants maintained an unbroken chain of title and properly recorded all of the assignments. *Lall*, 2015 WL 5697480, at *4. This Court also recommended the district court should dismiss any claims brought on behalf of Len Lall's estate. *Id.* at *9 ("Accordingly, to the extent Plaintiff's live pleading retains any references to claims *by or on behalf of the Estate*, those claims should be dismissed.") (emphasis added). On September 28, 2015, the district court accepted these findings and recommendation. Order 1, ECF No. 99. Any attempt by Plaintiffs to bring causes of action in the current suit arises from the same common nucleus of operative facts of the prior action.

The addition of Christiann Lall as a plaintiff does not preclude the application of *res judicata*. "Privity, as used in the doctrine of *res judicata*, means mutual or successive relationship to the same rights of property; as testator and executor, ancestor and heir, assignor and assignee, grantor and grantee, lessor and lessee." *Nat'l Lead Co. v. Nulsen*, 131 F.2d 51, 56 (8th Cir. 1942) *cert. denied* 318 U.S. 758 (1942); *see also Meador v. Oryx Energy Co.*, 87 F. Supp. 2d 658, 665 (E.D.Tex. 2000) ("The Fifth Circuit has held that two family members' interests are sufficiently aligned to create privity when a claim asserted by one derives exclusively from the claim of the other.") (citing *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir. 1992)). Even if the Court were to liberally assume that Mr. Lall did have a valid interest in the Property he is bound by the previous judgment. *Sw. Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977) ("[A] non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party."). The Court finds Christiann Lall to be in privity with Annette Lall and therefore *res judicata* precludes him from relief through this suit. Further, there is no evidence before the Court beyond Mr. Lall's conclusory allegations that he:

is an heir to the Property, owns any interest in the Property, retains superior title than that of Defendants, or has suffered any injury in fact. *See Kelton*, 2014 WL 7175242, at *3 ("To summarize, nothing in the petition can be construed as showing that Kelton has any interest in the property at issue, and so he cannot establish that he has suffered any injury in fact.").

*Res Judicata* prevents any claims against EMC, SPS, and BNYM as they were parties in the first action. *Lall*, 2015 WL 5697480, at *1. The addition of HWA does not preclude the application of *res judicata*, given that they are *in privity* with Defendants. *See Davis v. Dallas Area Rapid Transit*, No. 3:01-CV-2595-M, 2002 WL 172646, at *2 (N.D.Tex. Feb. 1, 2002); *Bond v. Barrett, Daffin, Frappier, Turner & Engel, L.L.P.*, No. G-12-188, 2013 WL 1619691, at *13 (S.D.Tex. Mar. 22, 2013). A plaintiff cannot avoid the application of *res judicata* through the addition of defendants in subsequent lawsuits, if the subsequent defendants are in privity with defendants in the prior lawsuit. *See Davis*, 2002 WL 172646, at *2 n.10 ("Plaintiffs' attempt to name an additional defendant, a supervisor at DART, to avoid the applicability of the doctrine of *res judicata* is unsuccessful because Rodriguez is in privity with DART.") (citing *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1289 (5th Cir. 1989)).[15] HWA was an attorney for the mortgagee and mortgage servicer who assisted with the foreclosure proceedings. HWA Mot. 2 ¶ 2, ECF No. 22. The Court does not find any reason why Plaintiffs could not have brought an action against HWA in their previous action. Therefore, *res judicata* bars any claims against HWA.

---

[15] *Bond*, 2013 WL 1619691, at *13 ("Plaintiff's claims are barred by *res judicata*. First, in the prior action, Plaintiff named as Defendants JPMorgan, as the successor of Defendant EMC, as well as Defendant Barrett. . . . These parties are identical or in privity with the Defendants named in this action. Defendant Barrett was named in both actions. Defendants Odom and Bailey are employees of JPMorgan, and to the extent Plaintiff sues them in their capacities as agents, this relationship establishes privity for the purposes of *res judicata*. To the extent Plaintiff sues them in their capacities as agents of Defendant EMC, privity is established because JPMorgan is a mere continuation of Defendant EMC as its successor.") (internal quotations and citations omitted).

All of the required elements for *res judicata* apply to this case: 1) the parties to both actions are identical or in privity; 2) the judgment in the prior lawsuit was rendered by a court of competent jurisdiction (the district court); 3) the first action concluded with a final judgment dismissing all of Plaintiffs' claims, *see* Final J. [ECF No. 100]; and 4) Plaintiffs' complaint involves the same claims that were already brought or claims that could have been brought in the first lawsuit. *Proctor & Gamble Co.*, 376 F.3d at 499; *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) ("The bar prevents relitigation of all 'issues that were or could have been raised in [the previous] action.'") (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). It is apparent on the face of the complaint that *res judicata* applies and bars re-litigation of Plaintiffs' claims.[16]

Additionally, any attempt by Plaintiffs to amend their complaint would be futile. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the district court should **GRANT** Defendants' Motions to Dismiss [ECF Nos. 18, 22, 29] and dismiss this case with prejudice.[17]

**SO RECOMMENDED**, this _____ day of April, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[16] Because the undersigned finds that this case should be dismissed on *res judicata* grounds, the undersigned pretermits consideration of Defendants' remaining arguments for dismissal.
[17] Accordingly, the district court should **DENY** Plaintiffs' remaining motions [ECF Nos. 35, 38, 51, 54] as moot.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).